**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMPSON CHRISTOPER KYLE
MANDRELL,

    Defendant - Appellant.

No. 17-7072
(D.C. No. 6:17-CR-00023-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Thompson Christopher Kyle Mandrell appeals his 97-month sentence as

substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

**BACKGROUND**

Mr. Mandrell was charged with and pleaded guilty to one count of possession

of material involving the sexual exploitation of minors in violation of 18 U.S.C.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

§§ 2252(a)(4)(B) and 2252(b)(2). Based on his criminal history and total offense level, the probation department calculated an advisory guideline range of 97-120 months' imprisonment. Neither party objected to the guideline calculation; Mr. Mandrell, however, filed a motion for a sentencing variance seeking a below-guidelines sentence. The government opposed the motion.

At the sentencing hearing, Mr. Mandrell's counsel noted that some sentencing courts had been departing from the child pornography guideline in U.S.S.G. § 2G2.2:

> MR. WILLIAMS: So I feel that the landscape of the law is changing in these respects.
>
> THE COURT: I'll be honest with you, I don't feel the landscape changing much up here.
>
> MR. WILLIAMS: Well, I understand that, Your Honor. But the U.S. Federal Sentencing Guidelines are just that, they're federal. They're supposed to keep uniformity, which is why we have the sentencing disparity issue that comes up. You know, obviously, that is within the discretion of the district court.
>
> THE COURT: Yeah, and, you know, I might make the observation, with all due respect to my colleagues, that they're causing the disparities, not me.

R., Vol. 2 at 12.

Counsel explained the courts that have departed from the Guideline have done so primarily because most of the sentencing enhancements under § 2G2.2 are inherent in the crime itself, and therefore tend to result in advisory imprisonment ranges at or near the statutory maximum for all offenders. He also argued for a variance because the Guideline is a directive from Congress and not based on empirical evidence from the Sentencing Commission. And he further urged a

below-guidelines sentence arguing that Mr. Mandrell would be easy prey in prison because of his mental impairments (ADHA, depression, and autism), youthful appearance, timid demeanor, and poor hygiene.

After hearing the government's argument in opposition, the district court denied Mr. Mandrell's motion for a variance:

> Counsel for the defendant has filed a motion for downward variance . . . from the advisory guideline range of the 97 to 120 months down to perhaps 60 months. Counsel requests the . . . variance pursuant to various factors cited in 18 [U.S.C.] [§] 3553(a), including the nature and circumstances of the offense, and the history and characteristics of the defendant. Counsel contends that the defendant's mental health condition, his youthful appearance, age, timid demeanor, and minimal criminal history warrant a downward departure.
>
> Counsel also cites case law in which various courts have varied downward based upon the circumstances surrounding the offenses, and the nature and circumstances of the offenders in those cases.
>
> The Court has reviewed the defendant's motion, and also taken into consideration the government's position as detailed in their written response and in their rebuttal arguments here in open court.
>
> In establishing an appropriate sentence for this defendant, the Court has considered the totality of the circumstances regarding the offense of conviction, as well as the personal history and characteristics of this defendant.
>
> With regard to the nature and circumstances of the offense in this case, the Court finds the guidelines take into account the crime charged. *Furthermore, the cases cited by the defendant are mostly dissimilar and distinguishable from the facts in this case. Therefore, the Court finds that no sentencing disparities exist.*
>
> I recognize my authority to vary from the advisory sentencing range [but] [t]aking into consideration the defendant's history and characteristics, and his prior violent conduct, as well as the offense conduct, the need for just punishment, deterrence, and protection of the public, the Court cannot find that the circumstances in this case warrant a variance based on the sentencing factors cited in [§] 3553(a).

3

R., Vol. 2 at 25-26 (emphasis added). The court sentenced Mr. Mandrell to 97 months' imprisonment—the low end of the advisory guideline range.

## STANDARD OF REVIEW

"Regardless of whether the sentence imposed is inside or outside the Guidelines range, [we] must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). This review "includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008).

In applying the abuse-of-discretion standard, we "must first ensure that the district court committed no significant procedural error," which includes "failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. As to substantive reasonableness, "the sentence is presumptively reasonable," when "the district court properly considers the relevant Guidelines range and sentences the defendant within that range." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.*

But because Mr. Mandrell failed to object to the method by which the sentence was imposed—its procedural reasonableness—we do not apply the

4

abuse-of-discretion standard of review, but review the sentencing decision for plain error:

> [E]ven if a district court is fully apprised of a defendant's arguments for a below-Guidelines sentence, the defendant must still contemporaneously object in the district court to the *method* by which the district court arrived at a sentence, including arguments that the sentencing court failed to explain adequately the sentence imposed, if he . . . hopes to avoid plain error review on appeal of any alleged procedural flaw.

*United States v. Wireman*, 849 F.3d 956, 961 (10th Cir. 2017) (internal quotation marks omitted). "We will find plain error only when there is "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 962 (internal quotation marks omitted).

However, even though Mr. Mandrell did not object to the length of the sentence—its substantive reasonableness—"we do not require the defendant to object in order to preserve the issue." *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008) (internal quotation marks omitted). Instead, "we review the length of the sentence for an abuse of discretion." *Id*.

## ANALYSIS

According to Mr. Mandrell, the district court erred by failing to consider § 3553(a)(6), which requires the court to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." We disagree and conclude that the 97-month sentence is procedurally sound and substantively correct.

5

As a preliminary matter, Mr. Mandrell appears to raise procedural error by arguing that the court "declin[ed] to . . . recognize that [a guidelines sentence] would . . . create a disparity." Aplt. Opening Br. at 9. As support, he points to the district court's statement: "I might make the observation, with all due respect to my colleagues, that they're causing the disparities, not me." R., Vol. 2 at 12. This is not the refusal to recognize a disparity; instead, it reflects the court's view as to who is responsible for the disparity. More to the point, the record unequivocally demonstrates there was no procedural error because the court "correctly calculated the applicable Guidelines range, allowed [the] parties to present arguments as to what they believed the appropriate sentence should be, considered all of the § 3553(a) factors, and thoroughly documented his reasoning." *Gall*, 552 U.S. at 53.

Mr. Mandrell's true complaint is that the sentence is substantively unreasonable. But this argument fails as well. To establish substantive unreasonableness, Mr. Mandrell must "demonstrate[e] that the [within-guidelines] sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Kristl*, 437 F.3d at 1050. He attempts to do so by arguing that § 2G2.2 is flawed, citing several instances where sentencing courts have granted downward variances based on their policy disagreements with the Guideline. We have rejected this argument: "In our circuit, a within-guideline-range sentence that the district court properly calculated is entitled to a rebuttable presumption of reasonableness on appeal . . . and this presumption of reasonableness holds true *even if* the Guideline at issue arguably contains serious flaws or otherwise lacks an empirical basis." *Wireman*, 849 F.3d at 964 (ellipsis, citation, brackets, and internal quotation

6

marks omitted). "[W]e apply the presumption of reasonableness to sentences based on 2G2.2, regardless of its alleged lack of empirical support." *Id*. (internal quotation marks omitted).

Further, the goal in § 3553(a)(6) is not absolute parity; instead, the statute seeks to eliminate "*unwarranted* sentence disparities among defendants with *similar records* who have been found guilty of *similar conduct*." *Id*. (emphasis added). Indeed, "[d]isparate sentences . . . are permissible when the disparity is explicable by the facts of the particular case." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1223 (10th Cir. 2008).

The district court compared and contrasted the cases cited by Mr. Mandrell in his motion and at the sentencing hearing. The record establishes that the court had reviewed the cases cited by Mr. Mandrell prior to the hearing, and made notes of the factual differences: "I've got my annotated copy [of Mr. Mandrell's motion] right here." R., Vol. 2 at 13. In the end, the court found that "the cases cited by the defendant are mostly dissimilar and distinguishable from the facts in this case. Therefore, the Court finds that no sentencing disparities exist." *Id*. at 26.

The sentence is procedurally and substantively reasonable. And because there was no plain error or an abuse of discretion, the sentence is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

7